IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC., <br> a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UTILITY ASSOCIATES, INC. <br> a Georgia corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:14-cv-02262-CM-GEB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT UTILITY ASSOCIATES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO FILE, AND FOR ENTRY OF,
<u>PROPOSED PROTECTIVE ORDER</u>**

Defendant Utility Associates, Inc. ("Utility") submits this Memorandum of Law in support of its Motion for (1) leave to file a proposed Protective Order (Ex. A), and (2) entry of a protective order in accordance with Utility's proposal, to protect the parties' sensitive and highly confidential business information.

**I.      Background**

In a Status Report filed February 26, 2015, the parties noted that they agreed to consider a protective order and would start by reviewing the protective order that had been agreed to and entered in an *Inter Partes* Review involving the parties (IPR2014-00725).  *See* Ex. B.  That protective order provided for two levels of confidentiality designations.

On March 2, 2015, Utility provided a proposed Protective Order to Digital Ally, Inc. ("Digital") that provided for two-tiered confidentiality designations similar to the one agreed to by the parties in the IPR proceeding (*i.e.*, both "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" options). Digital responded two and a half months later, on May 27, 2015, with a modified ("redlined") protective order (Ex. C) that removed the option of designating documents "HIGHLY CONFIDENTIAL," instead offering only a single confidentiality designation.[1] Digital's counsel stated that the redlined protective order was merely "preliminary" because Digital's patent attorneys had yet to offer their comments and "nothing can be finalized until they do." *See* Ex. D.

Utility followed up with Digital on August 10, 2015, reminding Digital that it needed a final response from Digital concerning the form of the protective order, and requesting a response. *See* Ex. E (August 10, 2015 letter from S. Schaetzel to M. Gorman). Utility's counsel then contacted Digital's counsel via telephone on August 17, 2015, and the parties have had conferred since then, including today.

---

[1] Digital's preliminary version includes additional differences. For example, Digital's proposal (1) does not have a requirement that experts not be past/current/anticipated employees of a party or competitor; (2) contains less detail regarding requirements for meet and confers; (3) removes requirements for limiting disclosures to outside counsel, officers, directors, employees, experts, etc. to disclosures that are "reasonably necessary"; (4) adds broader authority to disclose confidential information to witnesses testifying in a deposition or hearing; (5) removes several restrictions regarding producing protected material in other litigation; and (6) removes procedures regarding seeking a non-party's protected material for this litigation.

2

Digital does not object to the timeliness of this motion for leave to file for a protective order.

While Utility would have preferred to reach a consensus on a protective order before requesting leave from the Court, discovery is now ongoing. For example, Utility has requested from Digital the production of documents that evidence, support, or refer or relate to any Digital trade secret(s) relevant to this case. Digital has requested confidential documents as well, such as Utility's independent development of customer lists, confidential financial information, and internal company communications. Additionally, Digital has moved to compel production of insurance policies (*see* Digital's Motion to Compel, Dkt. 117), portions of which Utility believes are confidential. Digital's delay relating to the protective order has thus contributed to the very issue for which it now seeks relief. By failing to agree on a protective order, Digital has precluded production of Utility's confidential documents while simultaneously seeking to compel production.

Utility therefore requests that this Court (1) grant leave to file the proposed Protective Order, and (2) enter that Protective Order.

## II. The Court Should Grant Utility Leave to File the Proposed Protective Order

In response to the parties' joint scheduling order submission, this Court set a deadline of July 1, 2015 (*see* Dkt. 113), for the parties to submit a joint proposed

protective order or file a motion in support of any proposed protective order. As discussed above, while the parties were originally on track to submit either a joint protective order or motion for entry of protective order prior to the deadline, the parties were unable to do so despite good-faith negotiations.

A scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16. Because of the nature of this case, the sensitivity of the information to be disclosed, and the fact that the parties have attempted to negotiate an appropriate protective order for this case, good cause exists for allowing the present motion for protective order. Digital's delay in negotiating a protective order and concurrent motion to compel confidential documents provide additional good cause for allowing the present motion.

Neither party would experience any prejudice by virtue of this Court granting leave to file the proposed Protective Order. In fact, establishing a protective order is in both parties' best interest because it will allow for the orderly exchange of confidential and highly confidential documents. Digital will need to produce highly confidential documents to support its claims. For example, to the extent any such documents exist, Digital will need to document its possession and maintenance of trade secrets for which it has alleged misappropriation. Granting leave to file the proposed Protective Order will properly protect both parties'

interests and allow discovery to continue unhindered. As noted above, Digital does not oppose the motion for leave on the basis of timeliness.

### III. The Court Should Enter Utility's Proposed Protective Order

Based on their prior negotiations, the parties appear to agree on a substantial portion of their respective proposed protective orders. *Compare* Exs. A, C. The primary difference between the parties' proposals involves confidentiality designations. Despite both parties previously agreeing to a protective order in the IPR proceeding that included two confidentiality levels, Digital's preliminary proposal for this case allows for only one level of confidentiality. Digital's proposal would result in <u>all</u> documents produced in this case being made available to the officers, directors, and employees (including in-house counsel) of the receiving party. As such, Digital's proposal does not provide the option for protecting competitive and highly sensitive information that may be responsive to each party's discovery requests.

By contrast, Utility's proposal includes, as is now standard in cases involving technical or other highly sensitive information, a second tier of confidentiality for documents that are appropriate to share only with opposing counsel, experts, and the Court, but not with the employees of the receiving party. The proposed Protective Order also includes a mechanism to challenge a confidentiality designation at any time.

Digital's insistence on a less restrictive, single-tiered protective order is curious in light of its assertion that its trade secrets have been taken. Digital's misappropriation claim requires proof of the relevant trade secret(s), and Utility has requested that Digital produce that evidence. If Digital actually holds any relevant trade secret, it should be in favor of—rather than opposing—the standard means of protecting such information.

The same logical inconsistency applies to Digital's claims of broad categories of damages with respect to the nine counts in the Second Amended Complaint (Dkt. 109). Given the breadth of Digital's damages claims, Utility has necessarily requested that Digital produce several categories of relevant financial information.

But even if Digital actually has no highly confidential information to protect, Utility does— and Digital and Utility are competitors. Without an appropriate protective order, Utility's risks sharing competitively sensitive information with upper-level executives at Digital. The proposed Protective Order offers appropriate protection for both parties and is consistent with two-tier protective orders used routinely in federal litigation between competitors.

Accordingly, Utility respectfully requests that this Court protect both parties' interests by entering Utility's proposed Protective Order.

Dated:  August 21, 2015                Respectfully submitted,

                                       /s/ Stephen Schaetzel
                                       Stephen M. Schaetzel *(pro hac vice)*
                                       sschaetzel@mcciplaw.com
                                       David S. Moreland *(pro hac vice)*
                                       dmoreland@mcciplaw.com
                                       MEUNIER CARLIN & CURFMAN LLC
                                       999 Peachtree Street, Suite 1300
                                       Atlanta, Georgia 30309
                                       T: 404-645-7724
                                       F: 404-645-7707

                                       /s/ Dan C. Sanders
                                       Dan C. Sanders
                                       (D. Kansas Reg. No. 17467)
                                       MONACO, SANDERS, RACINE, &
                                       POWELL, L.L.C.
                                       8700 State Line Road, Suite 110
                                       Leawood, Kansas 66206
                                       Main: (816) 523-2400
                                       Fax: (816) 942-0006
                                       dsanders@kcattorneys.net


                                       *ATTORNEYS FOR DEFENDANT*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to all attorneys of record to the following on the 21st day of August, 2015:

James F.B. Daniels
jdaniels@mcdowellrice.com
Michael J. Gorman
mgorman@mcdowellrice.com
McDowell Rice Smith & Buchanan P.C.
605 West 47th Street, Suite 350
Kansas City MO 64112
Attorneys for Plaintiff Digital Ally, Inc.

/s/ Dan C. Sanders

(D. Kansas Reg. No. 17467)
Attorney for Defendant Utility Associates, Inc.