## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIGITAL ALLY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 14-2262-CM-GEB** |
| ) | |
| **UTILITY ASSOCIATES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Rule 37 Motion for an Order Compelling Discovery (**ECF No. 167**). After consideration of the motion and memorandum in support (ECF No. 169), Defendant's Response (ECF No. 170), and Plaintiff's Reply (ECF No. 171), the Court **GRANTS** the motion as set forth below.

### I.    Background

Plaintiff Digital Ally is a Nevada corporation which designs, manufactures, and sells mobile digital recording equipment, primarily to law enforcement agencies and the United States military. One of Plaintiff's competitors is defendant Utility Associates.

A portion of Plaintiff's claims stem from each party's employment of former defendant Eric McKee. For a time period ending August 24, 2012, Plaintiff employed McKee as a regional sales manager. Plaintiff and McKee were parties to an employment agreement which was to remain in effect for two years and contained both non-compete and non-disclosure provisions. After McKee's employment with Plaintiff was

terminated, but prior to the two-year expiration of the employment agreement, McKee was hired by Defendant in January 2014 as a "sales agent," covering a geographical area similar to that which he worked for Plaintiff.  Although Plaintiff named McKee as a defendant in its initial Complaint, Plaintiff sought and was granted the dismissal without prejudice of defendant McKee several months later. (Pl.'s Mot., ECF No. 88; Order, ECF No. 89.)  However, Plaintiff makes claims against Defendant, acting through McKee, for tortious interference with Digital's customers, contracts, commercial expectations and customer relationships; and for tortious interference with Digital's employment agreement with McKee.

Plaintiff's remaining allegations arise primarily from the parties' patent dispute.  It asserts Defendant purchases patents for ideas or inventions which have no practical applications, and then threatens to enforce those patents in exchange for payment.  One patent held by Defendant is U.S. Patent No. 6,831,556 (the "'556 Patent").  Plaintiff alleges Defendant engaged in a scheme to destroy its business and utilized the '556 Patent for that purpose—through a "letter-writing campaign" to Plaintiff's customers and press releases accusing Digital of falsely infringing upon the '556 Patent.

Discovery was initially stayed upon the agreement of the parties (Order, ECF No. 56), in part to allow the Court to consider Defendant's dispositive motion and Plaintiff's motion for temporary restraining order.  After the resolution of both motions (see ECF Nos. 72, 107)[1] the parties continue to engage in discovery.  The fact discovery deadline

---

[1] District Judge Carlos Murguia denied Defendant's Motion to Dismiss, finding the Court has personal jurisdiction over the non-resident defendants, and the Amended Complaint provides enough facts that show each claim is plausible on its face. (Mem. and Order, ECF No. 72.)  The

has been extended to May 29, 2016 (Order, ECF No. 159), with dispositive motions due on June 20, 2016 and jury trial scheduled for January 17, 2017.

## II.     Plaintiff's Motion for an Order Compelling Discovery (ECF No. 167)

On June 18, 2015, Plaintiff served its First Requests for Production of Documents. Defendant responded, and objected, to the discovery on July 23, 2015, and the parties apparently resolved any issues regarding the requests in a timely manner following the production.   However, during the deposition of Defendant's former vice president, Christine Cross, on November 23, 2015, twelve categories of unproduced documents were identified which Plaintiff believed to be responsive to its First Requests for Production.   The parties engaged in discussions to resolve the issues of whether the information sought was, in fact, responsive to the previous discovery and whether Defendant was required to produce it.   Those communications between the parties led to resolution of six categories of requests.

Plaintiff filed its current Motion to Compel (ECF No. 167), seeking the remaining six categories of documents, renamed Request Nos. 1 through 6.[2]   Following the submission of Defendant's Response (ECF No. 170), Plaintiff agreed to withdraw its motion regarding Request Nos. 3 through 6 (see Reply, ECF No. 171).   Therefore, the only requests which remain at issue are Request Nos. 1 and 2.   Defendant raises both procedural and substantive objections to Plaintiff's motion and to production of the items

Court, after multiple hearings, also denied Plaintiff's Motion for Temporary Restraining Order (see Min. Entries, ECF Nos. 90, 104, 107).

[2] Both parties refer to the categories of requests as Request Nos. 1-6.  However, these numerical categories do not specifically correspond to Requests Nos. 1-6 in Plaintiff's original First Requests for Production.  For ease of discussion, the Court identifies the disputed requests in the same manner as discussed in the parties' briefing.

sought by the two requests.   Each objection and the disputed requests are addressed below.

**Discussion**

### A.    Procedural Issues

Defendant argues the motion to compel should be denied because it was filed more than ten months after Plaintiff served its initial Requests; therefore the motion is untimely under D. Kan. Rule 37.1(b).  Additionally, Defendant maintains Plaintiff failed to properly confer before filing its motion, as required by D. Kan. Rule 37.2.  The Court disagrees.

### 1.    <u>D. Kan. Rule 37.1(b)</u>

District of Kansas Local Rule 37.1(b) requires a motion to compel be filed and served within 30 days of either a party's service of its response, unless the Court finds good cause for extension.  If not filed within the 30-day window, the Rule finds any objection to be waived.

Plaintiff clearly failed to file its motion within 30 days after Defendant's initial July 23, 2015 discovery responses.  But the record indicates the motion was filed within 30 days of Defendant's final communication regarding production of the six categories of documents which became an issue after Ms. Cross' deposition.  The record also indicates following the deposition, Plaintiff wrote a letter to Defendant's counsel on December 4, 2015, outlining those documents identified by Ms. Cross that it believed should have been previously produced.  The parties exchanged multiple letters and discussed the issues by telephone between December 4, 2015 and Defendant's letter of February 22,

4

2016.  (ECF No. 169, Exs. 3-7.) Plaintiff filed its motion to compel on March 14, 2016, within 30 days after the final letter regarding the topic.

Additionally, the parties engaged in considerable discussion on this topic, which apparently led to resolution of a majority of the disputed requests.  Considering the timing of Ms. Cross' deposition, and the considerable communication between the parties soon after the deposition, the Court finds good cause to extend the time for filing the motion under D. Kan. Rule 37.1(b).[3]

## 2.    D. Kan. Rule 37.2

Defendant also argues Plaintiff failed to satisfy the meet-and-confer requirements of D. Kan. Rule 37.2.  The Rule requires parties to do more than exchange written correspondence, but to "in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[4]  Defendant contends its February 22, 2016 letter on the disputed requests was not followed by any additional conversation prior to Plaintiff's filing of the motion to compel.  Defendant claims further conference would have led to the resolution of at least those issues that Plaintiff later withdrew in its Reply brief.

However, the duty to confer applies to both parties.   Since Defendant contends further conference "would have" led to resolution of Request Nos.  3-6, it would have been much more constructive for Defendant to provide clear and unequivocal responses

---

[3] *See, e.g.*, *Neonatal Prod. Grp., Inc., v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 7078796, at *3 (D. Kan. Nov. 13, 2015) (finding the 30-day deadline under Rule 37.1(b) "begins to run when specific information first leading to a dispute is discovered" regarding a insufficient supplemental production, not simply the date on which the first response was served).
[4] D. Kan. Rule 37.2.

in its earlier conversations or letters in an effort to resolve those same disputes prior to motion practice.  For example, for the first time in Defendant's Response, it states the information sought by Request No. 3 (a spiral-bound copy of the '556 patent) was actually attached to the Complaint and obviously in Plaintiff's possession.  It appears Plaintiff was unaware that the document in its possession was, in fact, a copy of the very document it sought.  Defendant did state in its Dec. 18, 2015 letter the document was "already of record." But blaming Plaintiff entirely for the failure in communication is disingenuous, when Defendant's own response could have been more descriptive.  If Defendant were aware of the specific location of the information, again, it would have been much more constructive, and less litigious, to have simply directed Plaintiff to the document.[5]  Even though Plaintiff should be fully aware of the documents within its possession prior to requesting the same, Defendant could have communicated clearly to Plaintiff, rather than playing the "hide the ball" sport which has plagued discovery on both sides of this matter.

Because the parties communicated both in writing and by phone regarding the disputed requests, the Court finds the duty to confer under Rule 37.2 is satisfied and turns to the merits of Plaintiff's motion.

---

[5] Fed. R. Civ. P. 1 was recently amended "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, *so the parties share the responsibility* to employ the rules in the same way. . . . [and] discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay." Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment (emphasis added).

B.       **Substantive Issues**

1.       **Request No. 1**

Plaintiff's first disputed request seeks Defendant's informal internal e-mails regarding Utility's efforts to drive Digital out of business.  Plaintiff considers the e-mails responsive to Plaintiff's First Request for Production Nos. 11, 12, 24, 25, 59, 60, 61, 62, 63, and 105 (ECF No. 169, at 7-8).

Defendant argues the request is neither relevant nor proportional to the issues in this case.  It further objects to the request on the basis of overbreadth for failure to identify custodians of, and provide search terms for, any alleged e-mails as required by the  Scheduling Order.[6]  Defendant notes it has "repeatedly informed Digital that it is unaware of any non-privileged e-mails that would be responsive to this request," but has apparently not searched for the requested e-mails.

Aside from simply stating the terms, Defendant has not expounded on its objections to relevance or proportionality under Fed. R. Civ. P. 26(b)(1), and those objections are overruled.  Because Plaintiff brings multiple claims of tortious interference with its business, the information sought by the request appears relevant on its face, and Defendant has not met its burden to demonstrate otherwise.[7]  Additionally, any concerns

---

[6] The Scheduling Order (ECF No. 113, at 6) requires: "Any requests for electronic messages will be separate, specifically delineated and limited by custodians. In particular, requests for electronic messages should be accompanied by a list of not more than five search terms for each custodian. The parties will then confer in good faith regarding the availability of the requested electronic messages and any expenses associated with the production of such information.

[7] *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008)(citing *Teichgraeber v. Memorial Union Corp. of Emporia State University,* 932 F. Supp. 1263, 1266 (D. Kan. 1996)) ("The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically

regarding overbreadth or proportionality may be addressed by following the guidelines of the Scheduling Order.

Importantly, despite its objections to relevance, proportionality, and format, Defendant concedes it does not oppose the production of any responsive e-mails, if they exist.  Defendant primarily objects to the manner in which Plaintiff has failed to properly limit its request as required in order to reduce the expense, time, and burden an unlimited search would create.[8]  Therefore, Plaintiff's Motion to Compel regarding Request No. 1 is **GRANTED** with the instructions set forth below.

## 2.     <u>Request No. 2</u>

The second request at issue seeks Defendant's national/Midwest market strategy plan for the year 2014, perhaps prepared with former defendant McKee's input.  Plaintiff believes this document is responsive to its First Request Nos. 28, 31, and 42, and asserts any such marketing plan is relevant to its claims of Utility's tortious interference with Digital's business, because the documents could demonstrate a pattern of interference. Plaintiff also argues its request is proportional, as required by recent amendments to Fed. R. Civ. P. 26(b) because the information should be easy to search or locate, either electronically or in paper files.

Defendant objects to production of the 2014 marketing plan(s) because it has previously produced two Midwest market strategy plans prepared by McKee during his

---

demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence.").
[8] Defendant's Response (ECF No. 170, at 10) states, "To be clear, Utility does not in the abstract oppose the production of e-mail (if any such e-mail exist). . . . But, Digital is not entitled to an unbounded number of searched or a limitless number of custodians or an infinite number of search terms."

employment by Defendant. Additionally, Defendant asserts any 2014 national or regional market strategy plans that do not mention McKee or relate to the communications at issue in this case are not relevant. Citing confidentiality concerns, Defendant insists production of such sensitive business information to Plaintiff, a major competitor, would expose Defendant to extreme prejudice and irreparable harm.

Despite its previous production, Defendant does not dispute the potential existence of some additional 2014 national or regional market strategy plan(s). McKee was hired by Defendant in January 2014. Information regarding Defendant's marketing strategies during 2014 could be relevant to element(s) of Plaintiff's tortious interference claims. "The scope of discovery under the federal rules is broad and discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."[9] It follows, then, that relevance is broadly construed[10] at the discovery stage; therefore, the information Plaintiff seeks is relevant on its face.

Defendant has not met its burden to demonstrate lack of relevance; therefore the objection is overruled. Because Defendant's confidentiality concerns may be addressed by the designation of any existing 2014 market strategy as "highly confidential – attorneys' eyes only,"[11] that objection is likewise overruled. The Court therefore **GRANTS** Plaintiff's Motion to Compel with regard to Request No. 2.

---

[9] *Equal Employment Opportunity Comm'n v. Kansas City S. Ry.*, No. 99-2512-GTV-DJW, 2000 WL 33675756, at *1 (D. Kan. Oct. 2, 2000) (quoting *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir.1995) (internal citation omitted)).

[10] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013) (citing *Nkemakolam v. St. John's Military Sch.,* 2013 WL 5551696, at *3 (D. Kan. Oct. 7, 2013) and *Smith v. TCI,* 137 F.R.D. 25, 26 (D. Kan 1991)).

[11] *See* Stipulation and Protective Order, ECF No. 124, at 3 (defining "Highly Confidential" information as "information such as current or future business or technical trade secrets

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel regarding Request Nos. 1 and 2 is **GRANTED**.   Plaintiff must resubmit **Request No. 1** to Defendant within 10 days of the date of this Order.  The renewed request must comply with the terms found in Paragraph 2(e) of the Scheduling Order (ECF No. 113). Defendant must respond to the renewed request within 30 days of the service of the request.  Any e-mails located by Defendant, but believed privileged, should be included on a proper privilege log as required by Fed. R. Civ. P. 26(b)(5).  If no responsive information is located, Defendant must confirm unequivocally that no responsive e-mails exist.

Defendant shall produce any document responsive to Plaintiff's **Request No. 2** within 10 days of this Order.  Any responsive information may be designated as "highly confidential—attorneys' eyes only" as set forth in the Protective Order (ECF No. 124).

**IT IS FURTHER ORDERED** that, prior to seeking judicial intervention for any disputes regarding the discovery ordered herein, the parties shall confer in person, if local counsel for Defendant is available, or at minimum by telephone in an attempt to reach agreement.  In the event the parties are unable to reach agreement after in-person communication, the parties shall submit a joint statement outlining each party's position by e-mail to ksd_birzer_chambers@ksd.uscourts.gov.  Following review of the position

---

and/plans that is extremely and more sensitive than 'Confidential Information or Items,' the disclosure of which is likely to significantly harm the party's competitive position"); and at 15-16 (discussing the limited disclosure allowed of "Highly Confidential" information).

statement, a telephone conference with the Court and oral ruling on the dispute will follow within a reasonably accelerated timeframe.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 15th day of April 2016.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge