IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIGITAL ALLY, INC.,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　　Case No. 14-2262

**UTILITY ASSOCIATES, INC,**

    **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Utility Associates, Inc.'s Motion for Attorneys' Fees (Doc. 252) and plaintiff Digital Ally, Inc.'s Motion to Strike, or To Stay All Proceedings Respecting, Defendant's Motion for Attorneys' Fees (Doc. 260). Plaintiff first filed this case on June 4, 2014. (Doc. 1.) On March 31, 2017, the court granted defendant's motion for summary judgement on all of plaintiff's claims. (Doc. 251.) Defendant then moved for attorney fees (Doc. 252) and plaintiff filed a notice of appeal. ( Doc. 256.) Defendant moves for attorney fees pursuant to five separate statues: Fed. R. Civ. P. 11, 28 U.S.C. § 1927, 35 U.S.C. § 285, 15 U.S.C. § 1117(a), and Kan. Stat. Ann. 60-3323. (Doc. 252.) The court denies defendant's motion for attorney fees for the reasons discussed below.

As a preliminary matter, defendant timely requested attorney fees in the pretrial order. Plaintiff argues defendant waived its right to attorney fees by requesting the fees in the pretrial order rather than including the request in the complaint. (Doc. 269 at 10–12.) Plaintiff contends attorney fees are special damages and defendant did not plead with the specificity required under Fed. R. of Civ. P. 9(g). (*Id.*) In support, plaintiff cites caselaw from other circuits arriving at this conclusion. (*Id.*) However, the District of Kansas does not adopt the 9(g) requirement for attorney fees. *Rural Water Dist. No. 1,*

*Ellsworth Cnty., Kan. v. City of Wilson*, 184 F.R.D. 632, 633 (D. Kan. 1998). The court can issue attorney fees, "even if such fees were not claimed in the complaint or pretrial order." *Id.* The court finds defendant's request for attorney fees timely in this case.

### *Rule 11*

Defendant cannot maintain an action for Fed. R. Civ. P. 11 sanctions, because it did not comply with the provision's requirements and is untimely. To recover costs under 11(b), defendant must meet the "safe harbor" provision of 11(c). The safe harbor provision requires the movant to serve the opposing party with any Rule 11 motions, but the motion should not be filed with the court until 21 days after service. Fed. R. Civ. P. 11(c). Here, defendants did not abide by the 21-day "safe harbor" provision.

Besides not meeting the provisions requirements, the Rule 11 motion is untimely. The purpose of the "safe harbor" provision is to give the offending party an opportunity to either withdraw or correct the pleading. *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000). Any Rule 11 motion after summary judgment violates the twenty-one day "safe harbor" provision, because no opportunity exists to fix the error. *Id.* In any event, the court finds that Rule 11 sanctions were not warranted by the plaintiff's actions in this case.

### *28 U.S.C. § 1927*

The court will not award attorney fees under 28 U.S.C. § 1927. The statute allows the court to require a party to pay attorney fees and expenses of an opposing party if the court determines that the party has multiplied "the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (1980). Awarding attorney fees or expenses is discretionary and the court declines to do so in this case.

*35 U.S.C. § 285*

Defendant is not entitled to attorney fees under 35 U.S.C. § 285 because the case had no patent infringement claims.  Plaintiffs seek attorney fees under 35 U.S.C. § 285.  (Doc. 252 at 6.)  Section 285 states that a "court, in exceptional cases may, award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  The court does not find this to be an exceptional case.  Attorney fees are denied.

*15 U.S.C. § 1117(a)*

Under the Lanham Act, the court has discretion to award reasonable attorney fees in an exceptional case.  15 U.S.C. § 1117(a) (2008).  The Tenth Circuit has not had the opportunity to review what is considered an exceptional case since the Supreme Court's opinion in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* 134 S.Ct. 1749, 1754 (2014).  In *Octane Fitness*, the Supreme Court interpreted when a case is exceptional under the Patent Act (which is identical to the fee provision in the Lanham Act and which the majority of circuits apply to Lanham Act attorney fee requests).  *Id.*  It explained that exceptional cases are cases that either "stand out from others with respect to the substantive strength of a party's litigating position" or were litigated in an unreasonable manner.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).  When evaluating the strength of a party's litigating position, the court must evaluate "both the governing law and the facts of the case."  *Id.*  The district courts use their discretion to decide when a case is exceptional based on a case-by-case analysis.  *Id.*

The court denies defendants claim for attorney fees.  Using the courts discretion, the court finds plaintiff's case is not exceptional.  First, plaintiff's claims were not litigated in an unreasonable enough manner to warrant attorney fees.  Second, even though defendant received summary judgment on all claims, plaintiff's case did not sufficiently "stand out" as compared to other claims.  Under this courts discretion and experience, attorney fees are not warranted.

*Kan. Stat. Ann. § 60-3323*

Under the Kansas Trade Secrets Act (Kan. Stat. Ann. § 60-3320–3330), attorney fees may be awarded if "(i) a claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or resisted in bad faith, or (iii) willful and malicious misappropriation exists." Kan. Stat. Ann. § 60-3323 (1981). Whether to award fees is within the court's discretion. Defendant seeks recovery under subsection (i), for a claim of misappropriation made in bad faith. Kansas courts have not yet identified what bad faith is in this context. *Tank Connection, LLC v. Haight*, 13-1392-JTM, 2016 WL 1732433, at * 1 (D. Kan. May 2, 2016). However, at least one court in this district followed a two-part test that has been applied in other jurisdictions. *Id.* Under this test, attorney fees may be awarded if the court finds "both a lack of objective support for the claim and evidence of subjective misconduct by the plaintiff." *Id.* The court finds that, at the very least, there is insufficient evidence of subjective misconduct by plaintiff and therefore declines to award attorney fees under § 60-3323.

Because the court denies defendant's motion for attorney fees in its entirety, the court finds plaintiff's motion to quash the motion for attorney fees moot.

**IT IS THEREFORE ORDERED** that defendant's Motion for Attorneys' Fees (Doc. 252) is denied.

**IT IS FURTHER ORDERED** that plaintiff Digital Ally, Inc.'s Motion to Strike, or To Stay All Proceedings Respecting, Defendant's Motion for Attorneys' Fees (Doc. 260) denied as moot.

Dated February 14, 2018, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**